[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on March 31, 1973 in New Preston, CT, and have lived in Connecticut ever since. There are no minor children issue of the marriage. Neither party has received aid from the State of Connecticut.
The plaintiff alleges that the primary reason for the breakdown of the marriage is the infidelity of the defendant. She admits the infidelity, but alleges that he caused it by not making an effort to meet her emotional needs. The plaintiff has had a "friendly" relationship with a woman since the time he filed this legal action.
The defendant has suffered from emotional illness sporadically for the past twenty-three (23) years, and is now under treatment. The plaintiff agrees that he was aware of her condition prior to marriage.
Both parties are high school graduates; the plaintiff is employed by Pitney-Bowes as a carpenter in the construction department, with a net weekly wage of $553.89. The defendant works at Edward's Food Warehouse and her net weekly pay is $171.99. The plaintiff is doing some part time work as a locksmith and is doing some carpentry work for friends but says he does not realize any net profits from that work. The defendant has bookkeeping skills, but asserts that since 1989 when she had a serious episode of emotional illness which resulted in a suicide attempt, she has been unable to do any work such as bookkeeping that places her under stress. The parties have stipulated that this jointly owned home in New Milford, CT has a fair market value of $190,000 and is encumbered by two mortgages totalling approximately $76,000 leaving an equity of about $114,000. It is clear that both parties worked hard to make this home possible, and that they received a great CT Page 5482 deal of help from their respective families.
The plaintiff has an IRA worth approximately $6,500 and the defendant has an IRA worth about $4,200.00.
The monthly payment for the mortgages, real estate taxes and homeowner's insurance is approximately $1,000 a month. The parties' adult daughter presently lives with the defendant, but she does not have a good relationship with either parent, and contributes little if anything no the household. The defendant would like very much to remain in the marital home where she feels secure, and where she can continue to have her three horses, who are very important to her. However, although she wants to materially improve her earning capacity, and hopes to be able to afford to stay in the home, the court believes that this will be difficult to do.
Neither party has any pension rights at this time.
The court, after reviewing the evidence in conjunction with the statutory criteria set forth in Conn. Gen. Stat. 46b-81, et seq., and evaluating the credibility of the parties, makes the following findings and orders:
1. The marriage has broken down irretrievably and a decree dissolving the marriage shall enter.
2. The defendant is awarded periodic alimony in the amount of $150.00 per week for a period of 10 years. Alimony shall terminate upon the death, remarriage or cohabitation with any person by the defendant.
3. The parties shall immediately determine the fair market value of the marital home. If they cannot agree on this, they shall obtain an appraisal, and if they cannot agree on an appraiser, they shall each select an appraiser, and those two appraisers shall select a third appraisal. The average of those three appraisals will be deemed to be the fair market value.
The defendant shall have until August 1, 1994 to purchase the plaintiff's one-half interest, based on the fair market value less the encumbrances on the property. If she does so, she shall assume any debt secured by those encumbrances, and she shall indemnify and hold the defendant harmless thereon. If she does not exercise this option, the house will immediately be placed on the market for sale at a price equal to the fair market value. Any offer within 10% of CT Page 5483 that amount shall be accepted by both parties.
4. From the net proceeds of the closing, the following joint marital debts shall be paid:
1. Citibank (student loan) — $3,700 (approximately);
2. Domenic Vallinaggi (loan for college) — $7,000;
3. Bradlee's — $180.00 (approximately);
4. People's Bank — $3,600 (approximately);
5. Sears — $450.00 (approximately);
6. Discover Credit Card — $850.00 (approximately);
7. Service Merchandise — $75.00 — (approximately).
5. The balance of the proceeds shall be divided equally, and the parties shall be responsible for their own attorney's fee.
6. If the defendant purchases the plaintiff's interest in the marital home, the purchase price will be increased by one-half of the joint marital debts listed in paragraph 4 above, and these debts are to be paid at closing out of the proceeds of the closing.
7. Prior to sale of the home the parties shall each pay half the expenses for mortgages, taxes, homeowner's insurance, upkeep, and maintenance. Any such amount that is unpaid at the time of closing shall be reimbursed as an adjustment at closing.
8. The plaintiff shall assume the following debts, and will indemnify and hold the defendant harmless thereon:
1. Prime America Bank — $1,835.00 (approximately);
 2. Household Bank of Illinois — $1,300.00 (approximately);
3. Household Bank $1,347.00 (approximately);
4. ATT Universal Card — $2,930.56 (approximately);
5. New Milford Savings Bank — $4,500.00 (approximately), CT Page 5484
 6. Mastercard Bank of New York — $1,408.32 (approximately).
The defendant shall assume the following debts and indemnify and hold harmless the plaintiff thereon:
 1. All the debts listed on her financial affidavit signed 4/22/94, except for People's Bank and Bradlees which are being paid jointly from the net proceeds of the closing. If Dr. Scarth is paid all or part of the $1,700.00 listed on defendant's affidavit, the parties are to share this expense equally.
9. The parties shall divide their joint personal property as they may agree. The parties shall receive the vehicles shown on their respective financial affidavits, and the plaintiff shall receive the log splitter and chipper, his tools and locksmith equipment.
10. COBRA shall be maintained for the defendant at the plaintiff's expense until it expires or until the equivalent is available from defendant's employment, whichever occurs sooner.
11. The plaintiff currently has two insurance policies on his life totalling $25,000. The court finds that he is financially able to pay for an additional $25,000 term policy for a total of $50,000. He is ordered to maintain a life insurance policy on his life in the total amount of $50,000, with the defendant as sole, irrevocable beneficiary, for so long as he is required to make alimony payments. The plaintiff is to provide written proof to the defendant in December of each year that such policy is paid up and in force.
12. New Milford Savings Bank stock shall be divided equally between the parties. The parties shall retain their IRA's and the plaintiff shall retain his 401K and Pitney-Bowes stock.
13. The defendant's maiden name of Hazel Thompson is restored. Judgment shall enter in accordance with this decision.
RICHARD A. WALSH, J. CT Page 5485